# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1251V
UNPUBLISHED

| | |
|---|---|
| ANNE ZARATSIAN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 11, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus, Diphtheria,<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Howard Dale Mishkind, Mishkind Law Firm Co., L.P.A., Beachwood, OH, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

**RULING ON ENTITLEMENT**[1]

On April 19, 2021, Anne Zaratsian filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on September 9, 2020. Petition at 1, ¶¶ 2, 4. Petitioner further alleges that she received the Tdap vaccine in the United States, that she suffered the residual effects of her SIRVA for more than six months, and that neither she nor any other party has filed a civil case or received compensation for her SIRVA injury. *Id.* at ¶¶

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2, 11-12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Because the vaccine record in this case did not indicate the site of vaccination,[3] I issued a fact ruling on August 23, 2022, finding the Tdap vaccine was most likely administered in Petitioner's left shoulder, as alleged. ECF No. 23. Thereafter, Respondent filed a Rule 4(c) Report recommending compensation be awarded in this case. Rule 4(c) Report at 1, Jan. 9, 2023, ECF No. 30. While reserving his right to appeal my fact ruling, Respondent "ha[s] concluded that [P]etitioner's claim meets the Table criteria for SIRVA." *Id.* at 6. Furthermore, he "does not dispute that that [P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 7.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

 **IT IS SO ORDERED.**

 **s/Brian H. Corcoran**
 Brian H. Corcoran
 Chief Special Master

---

[3] *See* Exhibit 2 at 214, 226 (vaccine record).