# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1251V
UNPUBLISHED

| | |
|---|---|
| ANNE ZARATSIAN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: January 25, 2023<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Howard Dale Mishkind, Mishkind Law Firm Co., L.P.A., Beachwood, OH,* for Petitioner.

*Nina Ren, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 19, 2021, Anne Zaratsian filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on September 9, 2020. Petition at 1, ¶¶ 2, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 11, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On January 24, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $55,000.00, representing compensation for her pain and suffering. Proffer at 2. In the Proffer,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $55,000.00, representing compensation for her pain and suffering in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANNE ZARATSIAN,<br><br>                           Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                           Respondent. | No. 21-1251<br>Chief Special Master Brian H. Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 19, 2021, Anne Zaratsian ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on September 9, 2020. Petition at 1-2. On August 23, 2022, Chief Special Master Corcoran issued his Findings of Fact ruling that petitioner received the Tdap vaccination in her left arm. *See* Findings of Fact and Conclusions of Law (ECF #23). On January 9, 2023, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report advising that, in light of Chief Special Master Corcoran's Findings of Fact and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. Vaccine Rule 4(c) Report at 2, fn. 1 (ECF #30). On January 11, 2023, Chief Special Master Corcoran

issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her left SIRVA.[1]  *See* Ruling on Entitlement (ECF #31).

### I.     Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded **$55,000.00** for all damages, consisting of pain and suffering.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### II.     Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the Chief Special Master's damages decision and the Court's judgment award the following: a lump sum payment of **$55,000.00** for pain and suffering in the form of a check payable to petitioner.[2]  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein.  Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's January 11, 2023, entitlement ruling.

[2] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        DARRYL R. WISHARD
        Assistant Director
        Torts Branch, Civil Division

        <u>s/ Nina Y. Ren</u>
        NINA Y. REN
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 305-3781
        <u>Nina.Ren@usdoj.gov</u>

DATED: January 24, 2023